IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:08CV03620 |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **BLODWYN DOERFLER** | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| **WYETH, INC., et. al.** | : | DEFENDANTS |

## ORDER

Pending is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 92). Plaintiff has responded, Defendants ("Vendor Defendants")[1] have replied, and Plaintiff has filed a sur-reply.[2]  For the reasons set out below, Defendants' Motion (Doc. No. 92) is GRANTED.

## I.     BACKGROUND

Plaintiff alleges that the Vendor Defendants were engaged in consumer fraud, misrepresentation, civil conspiracy, and aiding and abetting the improper and unlawful marketing, advertising, and promotion of hormone therapy medications.[3]  Plaintiff alleges that she was injured because she ingested hormone therapy medications manufactured by Wyeth.[4] Plaintiff, a West Virginia resident, asserts that West Virginia may exercise personal jurisdiction over the Vendor Defendants; the Vendor Defendants disagree.

---

[1]DesignWrite LLC, DesignWrite, Inc., Ketchum, Inc., and Saatchi & Saatchi Healthcare Communications, Inc.

[2]Doc. Nos. 99, 103, 108.

[3]Doc. No. 5.

[4]*Id.*

1

Defendant DesignWrite, LLC is a medical education and communications limited liability company formed in Delaware with its principal place of business in Princeton, New Jersey.[5] DesignWrite, LLC is the successor-in-interest of DesignWrite, Inc. (collectively with DesignWrite, LLC, "DesignWrite"), a New Jersey corporation that had its principal place of business in New Jersey.[6] DesignWrite neither maintains offices in West Virginia, has employees in West Virginia, nor conducts regular business in West Virginia.[7] DesignWrite has performed communications work for Wyeth in connection with Wyeth's hormone therapy medications, including continuing medical education; however, none of DesignWrite's work for Wyeth was performed in or connected with West Virginia.[8]

Defendant Ketchum Inc. ("Ketchum"), a public relations firm, is a Delaware corporation with its principal place of business in New York, New York.[9] Ketchum does not maintain offices, have employees, or conduct continuous business in West Virginia.[10] None of Ketchum's public relations work for Wyeth was carried out in West Virginia; no spokespersons with whom Ketchum worked on Wyeth's behalf were based in West Virginia; and Ketchum has not made any local outreach efforts in West Virginia on Wyeth's behalf.[11]

---

[5] Doc. No. 93-6.

[6] *Id*. DesignWrite, LLC purchased the assets of DesignWrite, Inc. in 2005. *Id*.

[7] *Id*.

[8] *Id*.

[9] Doc. No. 93-4.

[10] *Id*.

[11] *Id*.

Neither Defendant Saatchi & Saatchi Healthcare Communications, Inc. nor its predecessor (collectively "Saatchi") have had substantial contacts with West Virginia.[12] Saatchi, an advertising and marketing firm incorporated in New York with its principal place of business in New York, does not maintain offices, have employees, or conduct continuous business in West Virginia.[13] While Saatchi created advertisements and conducted medical education programs for Wyeth in connection with Wyeth's hormone therapy medications, Saatchi had no contact with West Virginia while performing its duties -- no Saatchi employees or agents ever traveled to West Virginia; Saatchi did not hire any vendors in West Virginia; and Saatchi did not conduct medical educations programs in West Virginia.[14]

Plaintiff's counsel raised these very same issues earlier in two other cases,[15] and Defendants' motion to dismiss was granted in both cases. After reviewing the briefs in this case, I could spot only a few differences: (1) Plaintiff is a West Virginia woman; (2) Plaintiff attached exhibits to her response to rebut Defendants' affidavits; and (3) Plaintiff argues her civil conspiracy theory more fervently.

**II.    DISCUSSION**

A transferee court applies the law of the circuit in which it is located to issues of federal law.[16] It is well settled in the Eighth Circuit that when a state's "long-arm statute is coextensive

---

[12]Doc. No. 93-5.

[13]*Id.* Saatchi is the successor to Klemtner, an advertising and marketing firm that was incorporated in New York with its principal place of business in New York. *Id.* Klemtner no longer exists as a separate entity. *Id.*

[14]*Id.*

[15]See *Bryant v. Wyeth, et al*, 4:07-CV-00576-WRW (E.D. Ark. June 15, 2007), Doc. No. 23; *Pauley v. Wyeth, et al*, 4:07-CV-00487-WRW (E.D. Ark. May 8, 2007), Doc. No. 32.

[16]*Knouse v. Gen. Am. Life Ins. Co.* (*In re Gen. Am. Life Ins. Co.*), 391 F.3d 907, 911 (8th Cir. 2004).

with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process."[17] The Fourth Circuit has held that the West Virginia long-arm statute "is coextensive with the full reach of due process . . . ."[18] Because West Virginia's long-arm statute is coextensive with constitutional limits, the issue is whether West Virginia's exercise of personal jurisdiction over the Vendor Defendants violates due process.

"When personal jurisdition is challenged, plaintiff has the burden to show that jurisdiction exists."[19] "[T]o defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of jurisdiction, by affidavits, exhibits, or other evidence. "[20] Plaintiff has the burden of establishing her prima facie showing "not by the pleadings alone, but by the affidavits and exhibits . . . ."[21]

To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state and must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State . . . ."[22] The Eighth Circuit considers five factors when evaluating minimum contacts: "(1) the nature and quality of contacts with the forum state; (2) the quantity

---

[17]*Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006); *Epps v. Stewart Information Service Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

[18]*Owens-Illinois, Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124 F.3d 619, 627 (4th Cir. 1997).

[19]*Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

[20]*Romak USA, Inc. v. Rich, et al.*, 384 F.3d 979, 983, 84 (quoting *Epps v. Stewart Info. Serv. Corp.*, 327 F.3d, 642, 647 (8th Cir. 2003)).

[21]*Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (citations omitted).

[22]*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties."[23]

The first three factors are of primary importance, and the third factor is used to distinguish between specific and general jurisdiction.[24] "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's action within the forum state."[25] Placing goods into the stream of commerce, without further action, is not an act purposefully directed toward the forum state.[26] "General jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose."[27]

### A. Nature and Quality of Contacts

Regarding "the nature and quality of contacts with the forum state," Plaintiff offers only conclusory allegations that the Vendor Defendants had contact with West Virginia. The exhibits attached to Plaintiff's response provide little additional information beyond her conclusory allegations, and hardly rebut Defendants' affidavits. For example, the exhibits involving Ketchum were simply lists of radio and television stations in the United States, some of which happened to be in Virginia.[28] As to DesignWrite, Plaintiff provided two Continuing Medical

---

[23]*Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

[24]*Id.*

[25]*Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984)).

[26]See *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1075 (8th Cir. 2004) (citing *Falkirk Mining Co.* v. *Japan Steel Works*, *Ltd.*, 906 F.2d 369, 376 (8th Cir. 1990)).

[27]*Sondergard*, 985 F.2d at 1392.

[28]Doc. No. 99-2, 99-3.

Education proposals that were "prepared by DesignWrite, Inc." and submitted to Wyeth.[29] However, none of Plaintiff's evidence contradicted Defendants' affidavits.

**B.      Quantity of Contacts**

The second factor -- the quantity of Defendants' contacts -- appears to be non-existent during the relevant time period. To overcome Defendants' lack of contacts, Plaintiff pushed the theory of "co-conspirator personal jurisdiction."[30] I need not resolve the parties disagreement regarding whether this theory is recognized in West Virginia, because Plaintiff's have failed to provide any evidence, beyond conclusory allegations, that would support this theory.[31]

**C.      Relation Between Cause of Action and Contacts**

The relation of the cause of action to the contacts -- the third factor -- is relevant in distinguishing between specific and general jurisdiction. Based on evidence in the record, the Vendor Defendants had no contact with West Virginia, so there is no general personal jurisdiction.

If Plaintiff's cause of action arose from or was related to Vendor Defendants' actions within West Virginia, the exercise of specific personal jurisdiction would be appropriate. Plaintiff argues that the Vendor Defendants placed their products -- advertising, public relations, and communications services -- into the stream of commerce, and thus specific personal jurisdiction is appropriate.[32]

---

[29] Doc. Nos. 99-5, 99-6.

[30] Doc. No. 99.

[31] *McLaughlin v. McPhail*, 707 F.2d 800, 806-07 (4th Cir. 1983); *F.C. Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008); *Bank of Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 793 (2nd Cir. 1999).

[32] Doc. No. 99.

However, placing products into the stream of commerce, without more, does not automatically subject a defendant to a forum state's jurisdiction.[33]  In *Stanton v. St. Jude Med. Inc.*, the Eighth Circuit affirmed the dismissal of defendant Spire for lack of personal jurisdiction.[34]  Spire used a patented ion beam to apply a coating to bulk fabric supplied by another defendant as a component part in the manufacture of heart valves.[35] The Eighth Circuit found that "[w]hatever contacts the fabric processed by Spire may have had with [the forum state] were the result of the actions of [the other defendant] and not of Spire."[36]  Here, if the Vendor Defendants had any contact with West Virginia, that contact was the result of the actions of the companies that hired the Vendor Defendants, and not the result of Vendor Defendants purposefully availing themselves of the laws of the forum state. Thus, there is no specific personal jurisdiction.

Finally, Plaintiff's Amended Complaint does not allege that Vendor Defendants ever purposely directed their activities in West Virginia, and the allegations in Plaintiff's Response to Defendants' Motion to Dismiss lack sufficient evidentiary support.

**D.    Forum State's Interest**

West Virginia, the forum state, would have an interest in providing a convenient forum for Plaintiff because she is a West Virginia Resident.

---

[33]See *Dever*, 380 F.3d at 1075.

[34]*Stanton v. St. Jude Med., Inc.*, 340 F.3d 690 (8th Cir. 2003).

[35]*Id.* at 694.

[36]*Id.*

7

### E. Convenience of the Parties

While West Virginia is convenient for Plaintiff, it isn't necessarily convenient to any of the Vendor Defendants, since there are based in New York and New Jersey. However, this factor appears to weigh more heavily for Plaintiff.

### CONCLUSION

Based on the record in this case, the Vendor Defendants did not have the sufficient minimum contacts with West Virginia to subject them to the jurisdiction of that state. Accordingly, the Vendor Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 92) is GRANTED. Defendants DesignWrite LLC, DesignWrite, Inc., Ketchum, Inc., and Saatchi & Saatchi Healthcare Communications, Inc. are DISMISSED.

It appears to me that this issue will arise in numerous other cases filed by the Calwell Practice.[37] Accordingly, it seems to me that the parties should take this Order into consideration when discussing how to proceed or when the Calwell Practice files its Amended Complaints in accordance with the February 2, 2009, Order entered in hundreds of Calwell Practice cases.[38]

IT IS SO ORDERED this 11th day of March, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[37]See *Lucion v. Wyeth, et al*, No. 4:08-CV-03890-WRW, Doc. No. 35, Ex. A (listing Calwell Practice cases required to remove unnecessary defendants and file amended complaints by 5 p.m., Tuesday, March 31, 2009).

[38]*Id.*

8